### SILZ v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. February 28, 1905.)

STREET RAILROADS—USE OF STREET—INJURIES TO ANIMALS—DRIVERS—CONTRIBUTORY NEGLIGENCE.

Plaintiff's driver, while loading a truck backed against the curb in a street on which a single track street railway was operated, turned the horse and shafts at right angles to the body of the wagon, which removed the horse and truck from danger of collision with passing street

cars. During the process of the loading the driver turned the horse slightly so as to remove the front wheels from under the body of the truck, which brought the horse into a zone of danger, and he was injured in a collision with a car. *Held*, that the driver's negligence contributed to the injury.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 210.]

Appeal from City Court of New York, Special Term.

Action by Auguste Silz against the Interurban Street Railway Company. From a City Court judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.
I. Henry Harris, for respondent

McCALL, J. The plaintiff in this case is a merchant, with a place of business on Washington street. Through this street is operated a car line owned by defendant, and using but one track. On the day in question a truck belonging to plaintiff was backed up against the curb in front of his store, with front wheels turned in under the truck, and the horse in the shafts turned at right angles to the body of the wagon. Standing in this fashion, cars could readily and safely pass, there being room. In the process of loading, the weight of the merchandise caused the body of the truck to sag down, and, if permitted to, would rest upon the wheels if they remained turned under the body. So the driver of the truck pulled his horse "out a little to the left" in order to take the wheels from under the body of the truck. In doing this, as subsequent events proved, he brought the horse standing in the shafts into an absolute zone of danger. The horse was blanketed, and the blanket concealed the shafts. The driver did not see the car, although he swears it was coming at a rate of 15 miles an hour. There was nothing in front of it to obstruct his vision.

Under the circumstances as here detailed, it is clear that the driver did not act with that degree of prudence which the law exacts of the ordinary man, and by his own negligence he contributed towards the injury of which he here complains. Nor yet from the record can we see that he sustains the burden of proof in establishing any negligence on the part of the motorman, unless the mere happening of the accident imports negligence, or his miscalculating the space as sufficient to allow him to pass is a feature upon which negligence could be predicated. If this is to be accepted as the basis of supporting the claim of negligence against the defendant, then the driver of the truck is equally blamable upon the same basis. Upon the whole, it is sufficient to call for a reversal of this judgment to say that the plaintiff has not borne the burden of showing himself free from contributory negligence, and on that ground a new trial must be had.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.